UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Docket No.: 3:00CR227 (SRU) |
| | : | |
| JERMAINE JENKINS | : | November 28, 2006 |

**GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE
PURSUANT TO U.S.S.G. § 5K1.1,
AND TITLE 18, U.S.C. § 3553(e)**

    The United States of America, by and through the undersigned Assistant United States Attorney, moves the Court to depart downward from the defendant's Guidelines sentencing range pursuant to U.S.S.G. § 5K1.1, and from the statutory minimum term of imprisonment pursuant to 18 U.S.C. § 3553(e).  The reasons for the government's motion are set forth in the accompanying memorandum of law.

                                                           Respectfully submitted,

                                                           KEVIN J. O'CONNOR
                                                           UNITED STATES ATTORNEY

                                                           ALEX V. HERNANDEZ
                                                           SUPERVISORY ASSISTANT U.S. ATTORNEY
                                                           915 LAFAYETTE BLVD.
                                                           BRIDGEPORT, CT 06604
                                                           (203) 696-3000
                                                           FEDERAL BAR No. CT08345

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, this November 28, 2006, to:

Joseph Colarusso, Esq.
1234 Summer St
Stamford, CT 06905

Raymond Lopez
Senior U.S. Probation Officer
United States Probation Office
915 Lafayette Boulevard
Bridgeport, CT 06604

                                        _____
                                        Alex V. Hernandez

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Docket No.: 3:00CR227 (SRU) |
| | : | |
| JERMAINE JENKINS | : | November 28, 2006 |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF A MOTION
FOR DOWNWARD DEPARTURE PURSUANT TO
U.S.S.G. § 5K1.1, AND 18 U.S.C. § 3553(e)**

**I.    INTRODUCTION**

U.S.S.G. Section 5K1.1 provides that upon the filing of a motion by the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, a sentencing court may depart form the applicable Guidelines sentencing range.  Similarly, upon a motion by the government, Title 18, United States Code, Section 3553(e) provides that a sentencing court may sentence a person who has provided substantial assistance without regard to any prescribed statutory mandatory sentences.  The United States respectfully submits that the defendant has provided substantial assistance in the investigation and prosecution of others who have committed criminal offenses, and hereby moves pursuant to Guidelines Section 5K1.1 and Section 3553(e) of Title 18 for a downward departure.

The defendant is scheduled to be sentenced on Tuesday, December 5, 2006.

**II.    FACTS OF THE OFFENSE**

In December of 2000, defendant Jermaine Jenkins was arrested by federal law enforcement officers in connection with his narcotics trafficking activities as a lieutenant in the

Frank Estrada Organization. Jenkins supervised a number of street level drug dealers for several years in the P.T. Barnum Housing Project selling heroin on a daily basis.

Jermaine Jenkins testified that he was a lieutenant in the Estrada organization. As a lieutenant he was responsible for obtaining large quantities of heroin and crack cocaine which had been packaged for street-level distribution. After obtaining the narcotics, he was responsible for distributing the narcotics to other lieutenants such as the defendant and street-level dealers or "runners." The defendant, in turn, would provide heroin and crack cocaine to the runners for distribution. Tr. 11/20/01, 46 – 48. Runners were responsible for making hand-to-hand sales of narcotics to drug customers.

Some of the lieutenants included Charles DeJesus, Felix DeJesus, Isaias Soler, Eddie Lawhorn, William Gomez, a.k.a. William Rodriguez, Michael Hilliard, a.k.a. "Mizzy", Yamaar Shipman, Ricardo Rosario, and Makene Jacobs. One of the roles of the lieutenants was to stand around and supervise their respective runners. Tr. 11/20/01, 46. After making the sales, the runners were required to return the drug proceeds to their lieutenants who, in turn, were responsible for transmitting the proceeds back to Frank Estrada. Tr. 11/19/01, 216 – 220.

Evidence developed through cooperating witnesses revealed that he had stopped working as a lieutenant for several months before his arrest. After his arrest it was determined that he had stopped selling drugs within P.T. Barnum and had begun taking courses to become a registered Emergency Medical Technician.

Shortly after his arrest on federal charges, Jenkins made it known through counsel that he was interested in cooperating. He met with prosecutors and Special Agents of the FBI who promptly determined that the information which he was providing was accurate and reliable. As

a consequence, on or about January 25, 2001, the government and the defendant entered into a formal cooperation agreement. He was disclosed as a cooperating witness and numerous other members of the organization began pleading guilty.

He was first called to testify at the joint November, 2001 trial of co-defendants Makene Jacobs and Daniel Herredia and Felipe Santana. Jenkins offered testimony with respect to Jacobs, and did not know Herredia or Santana who worked in different retail outlets for the organization's heroin. All three were convicted after trial, and Jacobs is presently serving a mandatory lifetime term of imprisonment.

Co-defendants Frank Estrada, and Isaias Soler were scheduled to begin trial in early 2002. Shortly before jury selection, Estrada pleaded guilty to all 14 counts in the indictment. After 2 days of evidence, defendant Soler pleaded guilty to all of the counts in the indictment. Their guilty pleas were predicated on the proffered and previewed testimony of Jermaine Jenkins who specifically implicated both in serious, extended heroin and crack trafficking activity.

Jenkins was later called to testify at the March, 2002 trial of co-defendants Felix DeJesus, Charles DeJesus, and Edward Estrada, all of whom were convicted after trial. (Two other co-defendants about whom Jenkins did not offer testimony were acquitted.) He testified as follows.

*Testimony of Jermaine Jenkins*

In 1997, Jermaine Jenkins became a lieutenant in the Estrada organization. Tr. 03/15/02 at 97; Tr. 03/21/02 at 89. He testified that other lieutenants at the time included DeJesus and Rosario. Tr. 03/21/02 at 89, 152. The lieutenants were responsible for obtaining large quantities of heroin and crack cocaine which had been packaged for street-level distribution. Tr. 03/07/02 at 72; 03/21/02 at 81, 89-91, 137. After obtaining the narcotics, lieutenants were responsible

for distributing the narcotics to other lieutenants and street-level dealers, who were then responsible for making hand-to-hand sales of the narcotics to drug customers. Tr. 03/21/02 at 89-91, 162. Jenkins obtained narcotics from DeJesus and Rosario on numerous occasions. Tr. 03/21/02 at 89, 155, 159, 223. On occasion, even after they had become a lieutenants, Rosario and DeJesus engaged in hand-to-hand, street-level sales. Tr. 3/21/02 at 153-55.

In or about 1997, Jermaine Jenkins was placed in control of the organization's crack distribution activities. Tr. 03/21/02 at 93. Sometime in or about 1998, Frank Estrada provided Jenkins with a kilogram of powder cocaine, which Jenkins converted into crack cocaine for distribution in the P.T. Barnum housing project. Tr. 03/21/02 at 93-94. When Jenkins was unable to sell the crack fast enough, Frank Estrada employed Isaias Soler, Ricardo Rosario, Michael Hilliard, and Charles and Felix DeJesus to flood the market with kilograms of cheaper crack cocaine. Tr. 03/21/02 at 94-95. Felix DeJesus and Charles DeJesus regularly sold crack-cocaine in P.T. Barnum for the Estrada organization, and Jenkins observed Felix DeJesus regularly handing out packages of crack-cocaine for street level distribution. Tr. 03/21/02 at 95-96, 101.

On several occasions in the year 2000, after Jenkins had stopped working for the Estrada organization, he purchased narcotics from his former co-conspirators including Charles DeJesus and Ricardo Rosario. Jenkins purchased a couple of "g-packs" ($1000 worth) of "Hawaiian Punch" heroin from Rosario at that time. Tr. 03/07/02 at 46-47; 03/21/02 at 119,121.

As a regular member of the Estrada Organization, Jermaine Jenkins was in a perfect position to monitor the activities of the rival drug trafficking organization run by members of the Jones family. As part of his cooperation agreement, Jenkins testified at a number of trials against

4

members of the Jones Organization, a group of drug dealers with a well-earned reputation for violence.

**III.    GUIDELINES CALCULATION**

The defendant is a Career Offender with a total of 14 Criminal History Points. Thus, he falls into Criminal History Category VI. The PSR has calculated his Guidelines pursuant to both Section 2D1.1 and relevant offense adjustments, and pursuant to the Career Offender provision. Because his Total Adjusted Guidelines are higher than the Career Offender calculation, his adjusted Guideline Section 2D1.1 calculation was used to determine his imprisonment range as follows.

| | |
|---|---|
| 2D1.1(c)(1) (30 kilograms or more of heroin) | 38 |
| 2D1.1(b)(1) (Firearms) | 2 |
| Role in the Offense | 3 |
| Acceptance of Responsibility | -3 |
| Total Offense Level | 40 |

The intersection of Offense Level 40 and Criminal History Category VI yields an imprisonment range of 360 months to life.

**IV.    NATURE AND EVALUATION OF DEFENDANT'S COOPERATION**

Guidelines Section 5K1.1 provides that the Court, when determining the appropriate extent of any downward departure may evaluate the following factors:

A.    the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

  B. the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

  C. the nature and extent of the defendant's assistance;

  D. any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

  E. the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1. Applying each of the above-listed factors to the defendant's cooperation supports the conclusion that his cooperation substantially assisted the Government, and warrants a downward departure.

  Jenkins was one of 27 defendants indicted during the course of the investigation of this case, and was one of only 5 defendants who pleaded guilty before June of 2001, when the grand jury returned a Third Superseding Indictment. Jenkins began cooperating in January of 2001, having been arrested in December of 2000. Jenkins was debriefed on a number of occasions and provided detailed information about his involvement with the Estrada and Jones organizations.

  Jenkins's proffered and previewed testimony resulted in the multiple guilty pleas of Frank Estrada who later cooperated himself in a number of significant criminal investigations and prosecutions. Triggering Frank Estrada's guilty plea would alone be worthy of a motion for downward departure. Jenkins, however, actually testified at a number of trials and juries found his testimony credible.

  By testifying against members of the notorious Jones Family, he opened himself up to the very real risk of retaliation. Further, by testifying in open court, he has opened himself and his family to harassment and ostracism.

V.   **CONCLUSION**

Based upon the foregoing, the government respectfully submits that Jermaine Jenkins has provided substantial assistance in the investigation and prosecution of others who have committed federal narcotics trafficking offenses, and that the sentencing court should grant the government's motion for downward departure.

                Respectfully submitted,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY

                ALEX V. HERNANDEZ
                SUPERVISORY ASSISTANT U.S. ATTORNEY
                915 LAFAYETTE BLVD.
                BRIDGEPORT, CT 06604
                (203) 696-3000
                FEDERAL BAR No. CT08345

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, this November 28, 2006 to:

Joseph Colarusso, Esq.
1234 Summer St
Stamford, CT 06905

Raymond Lopez
Senior U.S. Probation Officer
United States Probation Office
915 Lafayette Boulevard
Bridgeport, CT 06604

                _____
                Alex V. Hernandez